## KETTERN *v.* STATE.

### Opinion delivered January 2, 1904.

1. WINE—THREE-MILE LAW CONSTRUED.—An order of the county court, rendered January 2, 1899, prohibiting the sale of native wine within three miles of a certain school house, was not annulled by the act of March 29, 1899, regulating the sale of native wine. (Page 92.)

2. SAME—PETITION TO PROHIBIT SALE.—Under the act of June 26, 1897, regulating the sale of wine, as well as under the later act of March 29, 1899, an order prohibiting the sale of native wine under the three-mile law must be based upon a special petition for its prohibition. (Page 93.)

3. PROHIBITORY ORDER—EFFECT.—Under Sand. & H. Dig., § 4877, as amended by Acts 1895, p. 86, a prohibitory order under the three-mile law is made to run for a period of two years from the date of same and until, upon a petition of a majority of the adult inhabitants of such territory, the county court shall make an order nullifying and revoking said former order. (Page 94.)

Appeal from Pope Circuit Court. .

WM. L. MOOSE, Judge.

Affirmed.

*Dan B. Granger,* for appellant.

The demurrer to the indictment should have been sustained. *Cf.* Sand. & H. Dig., § 4877; Act April 1, 1895; Act June 26, 1897; Act March 29, 1899. The later act repealed the provision of the Digest, *supra,* as to sales of native wine. Endl. Int. Stat., § § 184-186; *Ib.* § § 198, 199. The court erred in refusing to give the first instruction prayed by defendant. 23 Am. & Eng. Enc. Law, 512.

*Geo. W. Murphy, Attorney General,* for appellee.

The demurrer to the indictment was properly overruled. Acts 1899, 137-139.

BUNN, C. J. This is an indictment for selling one gallon of wine within three miles of the public school building on block 6, in the town of Atkins, in Pope county, Arkansas. To this indictment defendant interposed a demurrer, which the court overruled, to which ruling the defendant at the time excepted. Trial was had by the jury on the evidence in the case. The court gave the following charge to the jury, towit: "Gentlemen of the jury, the testimony is not contradicted that the defendant sold wine to Mr. Lewis. The testimony is not contradicted that the sale was within three miles of the school house at Atkins, and the order of the county court has been proved in evidence before you. So there is not anything for you to do, as I take it, but to write out the verdict of guilty." Thus the jury did return a verdict of guilty. To which charge of the court the defendant at the time excepted, and then asked the court to give the following instruction, towit:

"The jury are instructed that this prosecution is for an alleged violation of an order of the county court of Pope county, Arkansas, made on the 2d day of January, 1899, under section 4877 of Sandels & Hill's Digest (known as the three-mile law),

and the act approved June 26, 1897, regulating the sale of wines, said order prohibiting the 'sale or giving away of vinous, spirit- uous or intoxicating liquors within a radius of three miles of a school house located on block 6, in the town of Atkins, Arkansas, including all compounds commonly called tonics or bitters, by the growers of grapes and berries and the manufacturers of the same, either by themselves or agent.' And that by the terms of the act approved March 29, 1899, native wines made by the pro- ducer from grapes and berries grown in this state can be sold by the producer without license, and cannot be prohibited by the county court, except on a special petition to prohibit the sale of native wines. And if you find from the evidence that defend- ant sold wine as alleged in the indictment, and that said wine was native wine, made by the defendant from grapes or berries grown in this state, and that said sale was after the 29th day of March, 1899, then you will acquit the defendant, unless you further find from the evidence beyond a reasonable doubt that there was an order made by the county court of Pope county since the 29th day of March, 1899, and prior to the sale of the wine, on a special petition, prohibiting the sale of native wine in said territory."

The court, over the objection of defendant, refused to give this instruction, and to the ruling of the court the defendant excepted. After verdict against him as aforesaid, defendant filed his motion to set aside the verdict and for a new trial, which being overruled he took exceptions, and appealed to this court. The motion for new trial sets up, as ground, that the court erred in overruling the defendant's demurrer to the indictment, erred in giving directions to the jury to return a verdict of guilty, and in refusing the instruction asked by the defendant, and that the verdict was contrary to the law and the evidence.

We apprehend that the direction of the court to the jury, and the refusal of the court to give the instruction, raise the only question in this case, for the same point, in effect, was raised by the demurrer to the indictment, assuming that the same was a general demurrer.

The original "blind tiger" act, expressed in section 4877, authorized a prohibition of the sale or giving away of any vin- ous, spirituous or intoxicating liquors of any kind, on the peti- tion of a majority of the inhabitants of the territory included

within a radius of three miles of any institution of learning or church, but no reference was made to the sale or giving away of native wine. Section 2 of the act entitled "An act to regulate the sale of wine," approved June 26, 1897, contains this provision on the subject of the sale of wine: "When the county court is petitioned to prohibit the sale of liquors under the three-mile law, the petition may specify all kinds of liquors as now provided by law, or may specify wine as the only liquor to be prohibited, or may except wine from the petition." Section 3 of the same act is: "If it shall appear that the people of any county, township or ward of a city, or of any 'three-mile' district under the operation of present laws, as modified by the two preceding sections, are not opposed to the sale of wine, and if there be no provisions in special acts or orders of courts prohibiting the sale of wine, then it shall be lawful for any person who grows grapes or berries to make wine thereof, and without license sell the same in quantities not less than one-fifth of a gallon anywhere in the state, except in counties, townships, wards of cities or three-mile districts, or under districts under special acts, where the people have voted or petitioned or secured special laws against the sale of wine."

This provision relieved the makers of wine from the effects of the prohibition of all other intoxicating liquors, where the prohibition of the sale of wine was not express and definite. Its evident meaning was to protect domestic makers of wine, although not so expressed in terms.

The act of March 29, 1899, in the first proviso to the first section, had this provision: "That the people shall have the right to petition the county court to prohibit the sale of native wine as now provided by law (evidently referring to the provision of the 26th of June, 1897, on the subject), but native wine shall not be included under section 4877 of Sandels & Hill's Digest, unless by special petition against wine."

This special petition was made against wine on the 2d of January, 1899, and the order of prohibition was made on that day by the county court in exact conformity with the act of June 26, 1897, the law in force when the act of March 29, 1899, was enacted.

We cannot, therefore, escape the conclusion that the prohibitory order of the county court was within the purview of the act of March 29, 1899, passed after the order was made, and was a prohibition against the sale of all kinds of wine, including native wine.  Had the order of the county court been made under the old three-mile law, formulated as section 4877 of the Digest, it would not have been good as against native wine, for the petition and order thereon must conform to the later law of 1897, which required that wine should be stated specifically as the subject of the prohibition asked and granted.

In this connection it will be observed that the old three-mile law, as set forth in section 4877 of the Digest, provides that the prohibitory order of the county court shall remain in force and effect for two years from the date of the making thereof.  That section was amended by act approved April 1, 1895, and in the latter act the prohibitory order of the county court in such cases is made to run and to be in force in the district for a period of two years from the date of the same, and until, upon a petition of a majority of the adult inhabitants of such territory, the courts shall make an order nullifying and revoking said former order. So the law, as it now stands, makes a prohibitory order of the county court to continue in force until, upon proper petition, the county court affirmatively sets aside the same, and permits the sale.  This being the state of the law, as applicable to this case, there was no error in the direction of the circuit court to the jury to return a verdict of guilty upon the facts admitted and uncontroverted.

Affirmed.